# EXHIBIT 1

| SUMMONS<br>CIVIL *(except family actions)*<br>JD-CV-1<br>GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52,-45a<br>52-48, 52-259<br>PR. BK. 49, 63, 66 | SUPERIOR COURT<br><br>INSTRUCTIONS | X ONE OF THE FOLLOWING<br>Amount, legal Interest or property in demand, exclusive of interest and costs is<br>☐ less than $2,500<br>☐ $2,500 through $14,999.99<br>☒ $15,000 or more<br>(X) If applicable)<br>☐ Claiming other relief in addition to or in lieu of money damages. |
|---|---|---|

1. Prepare on typewriter; sign original summons (top sheet) and conform copies of the summons (sheets, 2, 3 and 4).
2. If there are more than two defendants, prepare or photocopy conformed summons for each additional defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original papers and officers return with the clerk of the court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| ☒ JUDICIAL DISTRICT<br>☐ HOUSING SESSION  ☐ G.A. | AT (Town in which writ is returnable)(Gen. Stat. 51-349)<br>Bridgeport | RETURN DATE (Mo., day, yr)<br>1/8/19 |
|---|---|---|
| ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED (GEN. STAT. 51-347, 51-350)(No., st., town & zip code)<br>1061 Main Street, Bridgeport, CT, 06604  (203) 579-6527 | | CASE TYPE(From Judic. Dept. case type list-see back)<br>Major **T**     Minor **20** |

| PARTIES | NOTE: *Individual's Names: Last, First, Middle Initial* | NAME AND ADDRESS OF EACH PARTY<br>(No., street, town & zip code) | ☒ Form JD-CV-2 attached | PTY NO |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF | | Levan, Douglass, 173 South Road, East Hartland, CT 06027 | | 01 |
| Additional Plaintiff | | Levan, Jean, 173 South Road, East Hartland, CT 06027 | | 02 |
| FIRST NAMED DEFENDANT | | Bell Helicopter Textron, Inc., 3255 Bell Flight Boulevard, Fort Worth, TX 76118 | | 50 |
| Additional Defendant | | Bombardier, Inc., c/o Connecticut Sec of State, 30 Trinity Street, Hartford, CT 06106 | | 51 |
| Additional Defendant | | Hiller Aircraft Corp., 925 M Street, Firebaugh, CA 93622 | | 52 |
| Additional Defendant | | (Textron Aviation,) CT Corporation System, 67 Burnside Ave., East Hartford, CT 06108 | | 53 |

**NOTICE TO EACH DEFENDANT**

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an Appearance with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written Appearance form on time, a judgment may be entered against you by default.

6. The Appearance form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE<br>12/17/18 | SIGNED<br>s/417342 | ☒ Commissioner of Superior Court<br>☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT<br>Christopher Meisenkothen |
|---|---|---|---|

**FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM, OR PLAINTIFF IF PRO SE (No., street, town & zip code)<br>Early, Lucarelli, Sweeney & Meisenkothen, LLC<br>265 Church Street, 11th Floor, New Haven, CT 06510 | TELEPHONE NO.<br>203-777-7799 | JURIS NO. (If atty. or law firm)<br>409080 |
|---|---|---|
| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town & zip code)<br>Alphonse Ippolito, Esq., 388 Orange St., New Haven, CT, 06511 | | SIGNATURE OF PLAINTIFF IF PRO SE |

| NO. PLFS.<br>2 | NO. DEFS.<br>4 | NO. CNTS.<br>3 | SIGNED (Official taking recognizance, x proper box)<br>s/417342 | ☒ Commissioner of Superior Court<br>☐ Assistant Clerk | For Court Use Only<br>FILE DATE |
|---|---|---|---|---|---|

**IF THIS SUMMONS IS SIGNED by a CLERK:**
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Complaint, or the service thereof.

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| I hereby certify I have read and understand the above. | SIGNED (Pro se plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

SUMMONS, Civil

| IN RE: ASBESTOS LITIGATION | |
|---|---|

| | |
|---|---|
| RETURN DATE: JANUARY 8, 2019 | : SUPERIOR COURT |
| DOUGLASS LEVAN & JEAN LEVAN | : J.D. OF FAIRFIELD |
| VS. | : AT BRIDGEPORT |
| BELL HELICOPTER TEXTRON, INC.; BOMBARDIER, INC., individually and as successor to de Havilland; HILLER AIRCRAFT CORP.; TEXTRON AVIATION, individually and as successor to Cessna Aircraft Co.; | : DECEMBER 17, 2018 |

## COUNT I

### (Product liability as against all defendants)

1. The plaintiff, DOUGLASS LEVAN, is a citizen of the State of Connecticut and resides at 173 South Road, East Hartland, CT 06027.

2. The plaintiff, JEAN LEVAN, is a citizen of the State of Connecticut and resides at 173 South Road, East Hartland, CT 06027.

3. Each of the defendants, and/or their predecessors in interest (hereinafter referred to as the "Defendants"), named in the caption above conducted business in the state of Connecticut has produced, manufactured or distributed asbestos and/or asbestos products with the reasonable expectation that such products were so used or consumed, and/or has committed the tortious acts set forth below.

4. The employer or employers of the plaintiff were engaged in various activities in which it bought and/or installed asbestos and/or asbestos products and materials.

5. The plaintiff, DOUGLASS LEVAN, was exposed to asbestos-containing products through his work at Combustion Engineering. Such exposure contributed in part or totally to the plaintiff's contraction of asbestos-related mesothelioma and other asbestos-related pathologies.

6. During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

7. Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos fibers and/or asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products and materials to such employers or to others working at such jobsites for use by employees, including the plaintiff.

8. At all relevant times that the plaintiff was working, the plaintiff was exposed to asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was forced to come into contact with and breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

9. At all times pertinent hereto, the defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

10. At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

11. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

12. The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

13. The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

14. The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

15. Notwithstanding that the defendants possessed the foregoing information, the defendants wrongfully contracted for, mined milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, sold, handled, shipped, received, used, and/or stored asbestos products and materials to the plaintiff's employer(s) and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent,

reckless, malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

16. The actions of the defendants described and alleged above were wrongful under Section 52-572m, et seq., in one or more of the following ways:

    (a) **Strict liability** – The defendants are strictly liable for the plaintiffs' injuries in that said asbestos-containing products were unreasonably defective in one or more of the following ways:

        i. in that said products were and are unreasonably dangerous and unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

        ii. in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary person in the position of the plaintiff would contemplate;

    (b) **Negligence** – The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who were exposed to them, yet the defendants failed to use reasonable and/or ordinary care in one or more of the following ways:

        i. the defendants failed to provide proper, adequate and correct warnings of the dangers of said products;

        ii. the defendants failed to test their products to determine the full extent of the health hazards posed by asbestos;

       iii.    the defendants failed to remove their products from market upon learning of the health hazards of asbestos;

       iv.    the defendants failed to find reasonably safer alternatives and/or substitutes for asbestos;

       v.    the defendants failed to market, label or otherwise package their products in a reasonably safe manner to prevent mishandling and to prevent the release of asbestos during packaging, shipping, transportation, delivery, handling and use.

(c)    **Failure to warn** – The defendants' products failed to carry proper, adequate and correct warnings of the hazards about which the defendants knew or should have known and that, to the extent such products did carry warnings, any such warnings, information, packaging, cautions and/or safety instructions were improper and inadequate.

       i.    Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with said products and materials of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer and mesothelioma.

       ii.    It was the continuing duty of the defendants to advise and warn purchasers, consumers, users and/or other persons coming into

contact with their products, and all prior purchasers, consumers, users and/or other persons who came into contact with their products, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

    iii.    The defendants breached their duties to warn by:

        a.    failing to warn the plaintiff and the surrounding communities of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

        b.    failing to warn the plaintiff and the surrounding communities of the dangers to which the plaintiff was exposed when they knew or should have known of the dangers;

        c.    failing to exercise reasonable care to warn the plaintiff and the surrounding communities of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

        d.    supplying asbestos or asbestos products that were packaged, bagged, boxed and/or supplied in packaging, bagging, boxes or other containers that were inadequate and/or improper;

        e.    supplying asbestos or asbestos products that were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

        f.    failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

        g.    failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

       h.    failing to remove the product or products from the market when the defendants knew or should have known of the hazards of exposure to asbestos and asbestos products;

       i.    failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff and the surrounding communities of the dangers, hazards, and potentialities discovered;

       j.    generally using unreasonable, careless, negligent and reckless conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

(d)   **Breach of warranty** – The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

17.   As a result of the above, the plaintiff was caused to sustain severe, painful and permanent injuries referred to above and/or other asbestos-related pathologies caused by the plaintiff coming into contact with and breathing, inhaling and/or ingesting asbestos fibers. The injuries and diseases from which the plaintiff suffered caused the plaintiff to suffer great pain, suffering, mental anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

18.   The disease, diseases or injuries from which the plaintiff suffered were directly and proximately caused by the plaintiff's exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

19. As a result thereof, the plaintiff's life span has been shortened and the plaintiff's capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

20. As a result of said illness, the plaintiff was obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus, and funeral expenses.

21. As a further result of said illness, the plaintiff's earning capacity was impaired.

22. The foregoing acts and omissions of the defendants constitute a reckless disregard for the safety of product users, consumers or others who were injured by the products, pursuant to General Statutes § 52-240b.

23. The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

## COUNT II

(As to Plaintiff, JEAN LEVAN, and all Defendants)

1.-23. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

24. As a result of the foregoing injuries and damages suffered by the plaintiff, the said plaintiff's spouse has and will sustain damages by virtue of his/her loss of consortium with the plaintiff and the loss and impairment of the plaintiff's services, protection, care and assistance, society, companionship, affection, love, comfort, support, guidance, and kindly offices and advice, and other benefits of the marital relationship.

WHEREFORE, the plaintiff, JEAN LEVAN, claims damages.

## COUNT III

### (Recklessness as to all Defendants)

1.- 23. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

24. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

25. The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

26. The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

27. Notwithstanding that the defendants possess the foregoing information the defendants committed some or all of the wrongful acts and/or omissions described and alleged in paragraph 11 of the First Count.

28. Said acts and omissions thus constitute misconduct that is grossly negligent, willful, wanton, malicious and/or outrageous.

WHEREFORE, DOUGLASS LEVAN & JEAN LEVAN, demand judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

THE PLAINTIFF

BY: /s/417342
Christopher Meisenkothen
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their Attorneys

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| IN RE: ASBESTOS LITIGATION | |
|---|---|
| RETURN DATE: JANUARY 8, 2019 | : SUPERIOR COURT |
| DOUGLASS LEVAN & JEAN LEVAN | : J.D. OF FAIRFIELD |
| VS. | : AT BRIDGEPORT |
| AIR & LIQUID SYSTEMS, INC., ET AL. | : DECEMBER 17, 2018 |

WHEREFORE, the plaintiff, DOUGLASS LEVAN & JEAN LEVAN , claims as to the defendants:

1. Full, fair and just money damages;

2. Punitive and exemplary damages, including attorney's fees;

3. Statutory punitive damages and reasonable attorney's fees pursuant to General Statutes Sections 52-240a and 52-240b (First Count);

4. Costs of this action.

THE PLAINTIFF

BY: /s/417342
Christopher Meisenkothen
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their Attorneys

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| IN RE: ASBESTOS LITIGATION |
|---|

| | |
|---|---|
| RETURN DATE: JANUARY 8, 2019 | : SUPERIOR COURT |
| DOUGLASS LEVAN & JEAN LEVAN | : J.D. OF FAIRFIELD |
| VS. | : AT BRIDGEPORT |
| AIR & LIQUID SYSTEMS, INC., ET AL. | : DECEMBER 17, 2018 |

The amount, legal interest and property in demand is not less than $15,000.00, exclusive of interest and costs.

THE PLAINTIFF

BY: /s/417342
Christopher Meisenkothen
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their Attorneys

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON